

U.S. Department of Justice

John W. Vaudreuil
United States Attorney's Office
Western District of Wisconsin

Telephone 608/264-5158
TTY 608/264-5006
Main Facsimile 608/264-5172
Criminal Division Facsimile 608/264-5054
Civil Division Facsimile 608/264-5724
Administrative Facsimile 608/264-5183

DOC NO
REC'D/FILED
2013 JUL -1 PM 4:11
PETER OPPENEER
CLERK US DIST COURT
WD OF WI

*Address:*
Suite 303, City Station
660 West Washington Avenue
Madison, Wisconsin 53703

May 29, 2013

James R. Koby
O'Flaherty Heim Egan LTD
201 Main Street, 10th Floor
LaCrosse, WI 54601

    Re:    *United States v. Wiebke Fur and Trading Company*
            Case No. _____

Dear Mr. Koby:

    This is the proposed plea agreement between the defendant and the United States in this case.

    1.    The defendant agrees to plead guilty to the one-count information filed by the United States Attorney's Office. This count charges a violation of Title 16, United States Code, Sections 3372(a)(2) and 3373(d)(2), which carries maximum penalties of a $200,000 fine, a one-year period of supervised release, five years of probation, a $25 special assessment and the entry of an appropriate restitution order. The defendant agrees to pay the special assessment at or before sentencing. The defendant understands that the Court will enter an order pursuant to 18 U.S.C. § 3013 requiring the immediate payment of the special assessment. In an appropriate case, the defendant could be held in contempt of court and receive an additional sentence for failing to pay the special assessment as ordered by the Court.

    2.    The defendant shall provide to the United States Attorney and the Court a certified copy of a Resolution of the Board of Directors of Wiebke Fur and Trading Company, affirming that the Board has authority to enter into this plea agreement and has: (1) reviewed the information in this case and the proposed plea agreement; (2) consulted with legal counsel in connection with the matter; (3) voted to enter into the proposed plea agreement; (4) voted to authorize defendant to plead guilty to the charges specified in the plea agreement; and (5) voted to authorize to Thomas Wiebke to execute

the plea agreement and all other documents necessary to carry out the provisions of the plea agreement.

3. Thomas Wiebke, Vice President of Wiebke Fur and Trading Company, agrees that he is an "authorized representative" of Wiebke Fur and Trading Company, and as such can legally bind defendant Wiebke Fur and Trading Company in this prosecution. Further, Thomas Wiebke understands and agrees, pursuant to 18 U.S.C. § 3572(f), that he is an "individual authorized to make disbursements for the organization," and as such has a duty to pay, from the assets of the organization, any fine, special assessment, restitution or other monetary obligation that is part of the sentence imposed upon Wiebke Fur and Trading Company.

4. The defendant acknowledges, by pleading guilty, that it is giving up the following rights: (a) to plead not guilty and to persist in that plea; (b) to a jury trial; (c) to be represented by counsel--and if necessary have the Court appoint counsel--at trial and at every other stage of the trial proceedings; (d) to confront and cross-examine adverse witnesses; (e) to be protected from compelled self-incrimination; (f) to testify and present evidence; and (g) to compel the attendance of witnesses.

5. The parties agree to recommend that a $50,000 fine is appropriate in this case to hold the defendant accountable and that this fine amount will not impair the defendant's ability to pay restitution. The defendant has also agreed to implement the attached "Corporate Compliance Plan." In addition, the parties agree to recommend that the defendant should be restricted from buying and selling ginseng in any state for two years as a condition of probation.

6. The United States agrees that this guilty plea will completely resolve all possible federal criminal violations that have occurred in the Western District of Wisconsin provided that both of the following conditions are met: (a) the criminal conduct relates to the conduct described in the information; and (b) the criminal conduct was known to the United States as of the date of this plea agreement. This agreement not to prosecute is limited to those types of cases for which the United States Attorney's Offices for the Western District of Wisconsin has exclusive decision-making authority. The defendant also understands that the United States will make its full discovery file available to the Probation Office for its use in preparing the presentence report.

7. The United States agrees to recommend that the Court, in computing the advisory Sentencing Guideline range, and in sentencing the defendant, give the defendant the maximum available reduction for acceptance of responsibility. This recommendation is based upon facts currently known to the United States and is contingent upon the defendant accepting responsibility according to the factors set forth in USSG § 3E1.1. The United States is free to withdraw this recommendation if the defendant has previously engaged in any conduct which is unknown to the United States and is inconsistent with

acceptance of responsibility, or if it engages in any conduct between the date of this plea agreement and the sentencing hearing which is inconsistent with acceptance of responsibility. This recommendation is contingent on the defendant signing this plea letter on or before May 30, 2013.

8.  The defendant agrees to pay restitution for all losses relating to the offense of conviction and all losses covered by the same course of conduct or common scheme or plan as the offense of conviction. Specifically, pursuant to Title 18, United States Code, Section 3663(a)(1)(A), the defendant agrees to pay, before sentencing, $50,000 in restitution to the Wisconsin Department of Natural Resources, Fish and Game Restitution Account 100-XDAB-329R-ZZZZ-9200-20.

9.  In the event of an appeal by either party, the United States reserves the right to make arguments in support of or in opposition to the sentence imposed by the Court.

10. The defendant understands that sentencing discussions are not part of the plea agreement. The defendant should not rely upon the possibility of a particular sentence based upon any sentencing discussions between defense counsel and the United States.

11. If your understanding of our agreement conforms with mine as set out above, would you and the defendant please sign this letter and return it to me. By Mr. Wiebke's signature below, the defendant acknowledges its understanding that the United States has made no promises or guarantees regarding the sentence which will be imposed. The defendant also acknowledges its understanding that the Court is not required to accept any recommendations which may be made by the United States and that the Court can impose any sentence up to and including the maximum penalties set out above.

12. By the signatures below, Mr. Wiebke and Attorney Koby acknowledge that this is the only plea agreement in this case.

Very truly yours,

JOHN W. VAUDREUIL
United States Attorney

7-1-13
Date

By: _____
TIMOTHY M. O'SHEA
Assistant United States Attorney

_____    6-3-13
James R. Koby                      Date
Attorney for the Defendant

_____    5-30-13
Defendant Wiebke Fur and Trading Company.   Date
By: Thomas Wiebke
    Vice President

## ACKNOWLEDGMENT OF PLEA AGREEMENT

The Board of Directors of Wiebke Fur and Trading Company, has authorized me to execute this plea agreement on behalf of Defendant. The Board's members have read the plea agreement and this Acknowledgement in their entirety and have discussed these documents fully with Defendant's attorneys. The Board hereby acknowledges that the plea agreement fully sets forth Defendant's agreement with the United States Attorney's Office for the Western District of Wisconsin.

Defendant further states that no additional promises or representations have been made to Defendant by any official of the United States in connection with this matter. Defendant understands the crime to which Defendant has agreed to plead guilty, the maximum penalties for this offense, and how the advisory sentencing guideline penalties may apply to this case.

Defendant is satisfied with the legal representation provided to it by its attorneys. Defendant and its attorneys have had sufficient time to meet and discuss this case. Defendant and its attorneys have discussed the charges, possible defenses, the terms of this plea agreement and whether it should go to trial. Defendant is entering into this agreement freely, voluntarily, and knowingly because it is guilty of the offense to which it is pleading guilty and it believes this agreement is in its best interest.

_____   5-30-13
Thomas Wiebke                    Date
Vice President
Authorized to enter into this agreement by the
Board of Directors for Wiebke Fur and Trading Company


I certify that the members of the Board of Directors for Wiebke Fur and Trading Company, have read the Plea Agreement and that we have discussed its meaning. I believe they understand the Plea Agreement and are entering into the Agreement freely, voluntarily, and knowingly.

_____   6/3/13
James R. Koby                    Date
Attorney for the Defendant

## CORPORATE COMPLIANCE PLAN

1. Wiebke Fur and Trading Company agrees to adopt and enforce internal corporate policies that respect federal and state laws governing natural resources.

2. Wiebke Fur and Trading Company agrees that it will not engage in, or assist with, any present or future violations of any federal or state natural resources laws.

3. Wiebke Fur and Trading Company agrees to hire a compliance officer who will institute corporate training and awareness programs to ensure that current and future employees are aware of its internal corporate policies designed to respect natural resources and the laws governing natural resources. The compliance officer will be part-time while Wiebke Fur and Trading is restricted from activities involving ginseng and full time thereafter.

# JOINT UNANIMOUS CONSENT RESOLUTION
# OF THE
# SHAREHOLDERS OF
# WIEBKE FUR AND TRADING COMPANY

The undersigned, being all of the shareholders and directors of Wiebke Fur and Trading Company ("Wiebke") do hereby consent to the adoption of the following resolution effective as of May ___, 2013 pursuant to Wis. Stat. §180.0704 regarding the shareholders and pursuant to Wis. Stat. §180.0821 regarding the directors:

BE IT RESOLVED, that Wiebke shall enter into a plea agreement with the United States in the form attached hereto as Exhibit A.

BE IT RESOLVED, that Thomas Wiebke, be and hereby is authorized to sign on behalf of Wiebke any documents relating to the above-referenced transaction and his signature on any such documents being conclusive evidence of his authority to act.

_____
Thomas Wiebke

_____
Daniel Wiebke

_____
Jason Wiebke