# United States District Court
## Western District of Wisconsin

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| | (for offenses committed on or after November 1, 1987) |
| V. | **Case Number:** 0758 3:13-00061M-001 |
| Wiebke Produce, Inc. | **Defendant organization's Attorney:** James Robert Koby |

The defendant organization, Wiebke Produce, Inc., pleaded guilty to count 1 of the information.

**ACCORDINGLY**, the court has adjudicated defendant organization guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 16 U.S.C. § 3372(a)(2)(B) and 16 U.S.C. § 3373(d)(2) | Violation of the Lacy Act - Acquiring, Purchasing and Transporting, in Interstate Commerce, Fresh American Ginseng, a Class A misdemeanor | October 14, 2011 | 1 |

The defendant organization is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant organization shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant organization shall notify the court and United States Attorney of any material change in the defendant organization's economic circumstances.

| | | |
|---|---|---|
| **Defendant Organization's Federal Employer ID Number:** | 41-0873328 | |
| | | October 24, 2013 |
| | | Date of Imposition of Judgment |
| **Defendant Organization's Principal Business Address:** | 218 Portland Avenue<br>Eitzen, Minnesota 55931 | /s/ |
| **Defendant Organization's Mailing Address:** | 110 Rose Street<br>La Crosse, Wisconsin 54603 | Stephen L. Crocker<br>District Magistrate Judge |
| | | November 1, 2013 |
| | | Date Signed: |

Case: 3:13-mj-00061-slc   Document #: 15   Filed: 11/01/13   Page 2 of 6

AO 245 B (Rev. 3/01)(N.H. Rev.)            Defendant organization: Wiebke Produce, Inc.
                                           CASE NUMBER:   0758 3:13-00061M-001                    Judgment - Page 2

# PROBATION

It is ordered that Wiebke Produce, Inc., is hereby placed on probation for a term starting on October 24, 2013 and ending on August 6, 2015. I adopt the conditions listed in paragraph 5 in the plea agreement as special conditions of probation. In addition, I adopt the special conditions proposed in the presentence report. Neither party has raised objections to the proposals.

# STANDARD CONDITIONS OF SUPERVISION

1) within thirty days from the date of this judgment, the defendant organization shall designate an official of the organization to act as the organization's representative and to be the primary contact with the probation officer;

2) the defendant organization shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

3) the defendant organization shall notify the probation officer ten days prior to any change in principal business or mailing address;

4) the defendant organization shall permit a probation officer to visit the organization at any of its operating business sites;

5) the defendant organization shall notify the probation officer within seventy-two hours of any criminal prosecution, major civil litigation, or administrative proceeding against the organization;

6) the defendant organization shall not dissolve, change its name, or change the name under which it does business unless this judgment and all criminal monetary penalties imposed by this court are either fully satisfied or are equally enforceable against the defendant's successors or assignees; and

7) the defendant organization shall not waste, nor without permission of the probation officer, sell, assign, or transfer its assets.

## Conditions Listed in Paragraph 5 in Plea Agreement

The parties agree to recommend that a $50,000 fine is appropriate in this case to hold the defendant accountable and that this fine amount will not impair the defendant's ability to pay restitution. The defendant has also agreed to implement the "Corporate Compliance Plan" listed below. In addition, the parties agree to recommend that the defendant should be restricted from buying and selling ginseng in any state for two years as a condition of probation.

Corporate Compliance Plan

1) Wiebke Produce, Inc., agrees to adopt and enforce internal corporate policies that respect federal and state laws governing natural resources.

2) Wiebke Produce, Inc., agrees that it will not engage in, or assist with, any present or future violations of any federal or state natural resources laws.

3) Wiebke Produce, Inc., agrees to hire a compliance officer who will institute corporate training and awareness programs to ensure that current and future employees are aware of its internal corporate policies designed to respect natural resources and the laws governing natural resources. The compliance officer will be part-time while Wiebke Produce, Inc., is restricted from activities involving ginseng and full time thereafter.

# SPECIAL CONDITIONS OF SUPERVISION

(1) Provide business financial information as directed by the supervising U.S. probation officer;

(2) Notify the supervising U.S. probation officer within 72 hours upon learning of any material adverse change in its business or financial conditions or prospects, to include bankruptcy, civil litigation, criminal prosecution, or governmental administrative action regarding the organization;

(3) Pay any outstanding financial obligation in monthly installments of not less than $2,175 per month as directed by the supervising U.S. probation officer; and

(4) Submit to a search conducted by a U.S. probation officer at a reasonable time and in a reasonable manner whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of probation; failure to submit to a search may be a ground for revocation; defendant organization shall advise all employees that the premises may be subject to searches pursuant to this condition.

ACKNOWLEDGMENT OF CONDITIONS

I have read or have had read to me the conditions of supervision set forth in this judgment, and I fully understand them. I have been provided a copy of them. I understand that upon finding a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

_____     _____
Defendant Organization     Date

_____     _____
U.S. Probation Officer     Date

Case: 3:13-mj-00061-slc   Document #: 15   Filed: 11/01/13   Page 5 of 6

AO 245 B (Rev. 3/01)(N.H. Rev.)     Defendant organization: Wiebke Produce, Inc.     Judgment - Page 5
CASE NUMBER:    0758 3:13-00061M-001

# CRIMINAL MONETARY PENALTIES

Defendant organization shall pay the following total financial penalties in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|-------|------------|------|-------------|
| 1 | $125.00 | $50,000.00 | $50,000.00 |
| **Total** | $125.00 | $50,000.00 | $50,000.00 |

As to the one-count information, it is adjudged that the defendant organization is to pay a $125 criminal assessment penalty to the Clerk of Court for the Western District of Wisconsin immediately following sentencing.

The defendant organization agreed to pay $50,000 in restitution to the Wisconsin Department of Natural Resources (DNR), Fish and Game Restitution Account 100-XDAB-329R-ZZZZ-9200-20 prior to sentencing. Based upon information provided by the DNR, defendant already has paid this restitution.

I find that the defendant organization has the ability to pay a fine, but only one that is well below the statutory maximum. A $50,000 fine is sufficient to serve as a specific and general deterrent. The fine is to be paid forthwith to the Lacey Act Reward Account pursuant to 16 U.S.C. § 3375(d).

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:
    (1) assessment;
    (2) restitution;
    (3) fine principal;
    (4) cost of prosecution;
    (5) interest;
    (6) penalties.

The total fine and other monetary penalties shall be due in full immediately unless otherwise stated elsewhere.



The defendant organization shall receive credit for all payments previously made toward any criminal monetary penalties imposed.